JESSICA RAYE FISHER,

      Plaintiff,

v.

AUTOZONERS, LLC., et al.,

      Defendants.

_____/

## ORDER REMANDING CASE TO STATE COURT

**THIS MATTER** is before the Court on Plaintiff Jessica Fisher's Motion to Remand. Mot., DE 9. The Motion is fully briefed. *See* Resp., DE 13; Reply, DE 15.

Plaintiff brought this action in state court alleging various state law claims against Defendants Autozone Stores, LLC, Autozoners, LLC, Autozone Southeast LP, Autozone Investment Corporation, and Julio Bustamante based on the sexual harassment Plaintiff allegedly suffered while employed by Defendants. *See* Compl., DE 1-1. Plaintiff did not plead any federal claims. *See id.* Defendants removed the action to federal court on the basis of diversity jurisdiction. *See* DE 1. Plaintiff's Motion to Remand argues that this Court does not have diversity jurisdiction over this case, because Defendant Bustamante destroys complete diversity and the amount in controversy in this case is less than $75,000.

A defendant may remove a civil action filed in state court to federal court if the action is one over which the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Federal courts have original diversity jurisdiction over civil actions where the amount in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332(a)(1). "Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant."

*Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) (citing *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1355 (11th Cir. 1996)).

In the absence of complete diversity, an action may nevertheless be removable if the joinder of the non-diverse party is fraudulent. *See id.* "Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Id.* "Under this doctrine, if a non-diverse defendant is joined for the sole purpose of destroying federal jurisdiction, the court should ignore the presence of the non-diverse defendant." *Harvey v. Geico Gen. Ins. Co.*, No. 14-80078-CIV, 2014 WL 3828434, at *2 (S.D. Fla. Aug. 4, 2014). Joinder of a party may be deemed fraudulent when there is "no possibility" that a plaintiff can prove a cause of action against a non-diverse defendant. *Triggs*, 154 F.3d at 1287.

Here, Defendants acknowledged in their Notice of Removal that Defendant Julio Bustamante is a resident of Florida, as is Plaintiff. *See id.* at 2. Accordingly, Defendant Bustamante's presence in the action defeats diversity jurisdiction. Defendants argued in their Notice of Removal and their Response to the Motion to Remand that removal was nevertheless proper, because Defendant Bustamante had been fraudulently joined in the action. *See id.*; Resp., DE 13.

However, on the face of Plaintiff's Complaint, the Court cannot conclude that Plaintiff's claims against Defendant Bustamante are *impossible*. To the contrary, Plaintiff has pled a plausible claim for common law battery against Defendant Bustamante. *See* Mot., DE 9, 12-13; *see also* Compl., DE 1-1 ¶ 29 (alleging "On numerous occasions, Corporate Defendants' male employee(s)—including but not limited to Defendant Bustamante—perpetrated the following

type of language/conduct directed towards, or in the presence, of Ms. Fisher on a frequent, mostly daily basis" and listing 189 different instances).

Accordingly, the Court concludes that Defendant Bustamante has not been fraudulently joined in this action, and his presence destroys diversity. Accordingly, the case must be remanded to state court for lack of jurisdiction. In light of the Court's determination that there is not complete diversity in this case, the Court need not reach the parties' arguments regarding the amount in controversy in this case.

It is hereby **ORDERED** and **ADJUDGED** the Motion to Remand [DE 9] is **GRANTED**. This case is hereby **REMANDED** to the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida. The Clerk of the Court is further directed to **CLOSE** this case; all deadlines are **TERMINATED**; all pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 10th day of September, 2019.

Copies furnished to:
Counsel of Record

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

3